IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **SEPTEMBA KINNAIRD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 5:24-cv-00954-LSC |
| | ) | |
| **AT&T, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OF OPINION**

Plaintiff Septemba Kinnaird, proceeding *pro se*, brings this action against Defendant AT&T, Inc., asserting claims under the Federal Reserve Act, 12 U.S.C. § 226; the Equal Credit Opportunity Act, 15 U.S.C. § 1691; the Bill of Exchange Act; Article VI of the United States Constitution; and state law for breach of contract. (Doc. 1 at 3, 9.) Kinnaird also has applied to proceed *in forma pauperis*. (Doc. 2.) The Court **GRANTS** Kinnaird's motion for leave to proceed *in forma pauperis*. (*Id.*) However, for the reasons set forth below, Kinnaird's claims and this action are due to be **DISMISSED WITH PREJUDICE** for being frivolous and for failure to state a claim upon which relief can be granted.

In cases where the plaintiff proceeds *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) instructs that a court "shall dismiss the case at any time" if the court determines that the action is "frivolous or malicious," "fails to state a claim upon

Page **1** of **5**

which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See Jones v. Bock*, 549 U.S. 199, 213 (2007). A claim is "frivolous" under § 1915 "when it appears the plaintiff 'has little or no chance of success.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that a claim "is frivolous where it lacks an arguable basis either in law or in fact"). While a court must construe a *pro se* plaintiff's complaint liberally, such leniency does not require or allow a court to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citation omitted).

Kinnaird "deems the nature of this suit" as one for an alleged breach of contract related to AT&T's alleged failure to "perform their end of the bill." (Doc. 1 at 9.) According to Kinnaird, she attempted to satisfy her financial obligations to AT&T, but AT&T failed to accept her tendered payment. (*Id.*) In essence, Kinnaird received a billing statement from AT&T, wrote the words "accepted for deposit" and "pay to the order of bearer" on the statement, returned the statement along with letters instructing AT&T's Chief Financial Officer to "apply [her] balance to [her] account [account number redacted] each and every billing cycle for set-off," and expected AT&T to consider the bill paid. (Docs. 1-2 at 1–6; 1-3 at 2.) AT&T did not accept her attempts at payment. (Doc. 1-5 at 2 (AT&T "respectfully disput[ing] all

[Kinnaird's] claims and declin[ing] all demands").)

Kinnaird also asserts AT&T violated the Equal Credit Opportunity Act by "treating [her] as a minor" and discriminating against her on the basis of age after she "came forth to claim rights to all titles, rights, interest, and equity owed in the account." (Doc. 1 at 10.) She provides no factual allegations supporting this claim.

She asserts AT&T violated the Bill of Exchange Act as follows:

> It is expressed that a bill is to be paid with interest in this Act. If the plaintiff cannot utilize the interest sent as a bill of exchange, this leaves the plaintiff with no valuable consideration in the agreement. Plaintiff values the interest as consideration in this agreement. Plaintiff performed on the bill by acceptance, indorsement, and exchanging for the defendant to fulfill the remainder of performance.

(*Id.*)

She asserts AT&T violated the Federal Reserve Act and Article VI of the Constitution as follows:

> Upon application, the agreement binded by the plaintiff and the defendant pursuant to this Act shall be bills of exchange. Defendant sends bills, which are legally defined as bills of exchange. Further acknowledgement under the Constitution, Article VI, the supremacy clause makes just the ruling of the Floyd Acceptances, 74 U.S. 666 (1868), where bills of exchange are deemed by Congress as lawful forms of payment.

(*Id.*)

As the foregoing reveals, Kinnaird's Complaint presents utter nonsense. None of Kinnaird's claims presents a viable cause of action. Rather, Kinnaird's

Complaint

> is similar to several others filed by *pro se* litigants filled with frivolous and nonsensical quasi-legal assertions and baseless theories in an attempt to avoid paying their debts and the consequences of their failure to pay their debts, in particular by alleging that they have satisfied their obligations through their own manufactured documents rather than legal forms of payment.

*White v. AT&T*, No. 123CV04308VMCJCF, 2023 WL 8821311, at *2 (N.D. Ga. Oct. 25, 2023). As numerous other district courts have recognized, the cited federal statutes do not provide relief for such a scheme. *See Thomas v. Fam. Sec. Credit Union*, No. CV 23-00222-TFM-B, 2024 WL 478070, at *5–6 (S.D. Ala. Jan. 17, 2024), *report and recommendation adopted,* No. 1:23-CV-222-TFM-B, 2024 WL 474837 (S.D. Ala. Feb. 7, 2024) (collecting cases).

Section 16 of the Federal Reserve Act does not create a private right of action. *Id.* at *5. The Bill of Exchange Act does not provide a viable cause of action in that no such federal statute exists. *Id.* at *6 (collecting cases). And while the Equal Credit Opportunity Act prohibits a creditor from discriminating against an applicant on the basis of age "with respect to any aspect of a credit transaction," 15 U.S.C. § 1691(a)(1), there are no factual allegations suggesting AT&T was Kinnaird's creditor. Finally, the Court can discern no basis for relief under Article VI of the U.S. Constitution, which validated certain sovereign debts and established the Constitution and laws of the United States as the supreme law of the land.

To the extent Kinnaird asserts a state law claim for breach of contract, she must validly allege that a valid contract existed; she performed under the contract; AT&T failed to perform under the contract; and she suffered damages as a result. *Childs v. Pommer*, 348 So. 3d 379, 387 (Ala. 2021). Kinnaird's allegations demonstrate neither her performance under the contract nor AT&T's non-performance. *Cf. Thomas*, 2024 WL 478070, at *8 ("[T]o the extent Thomas suggests that handwriting financial buzzwords on loan-related correspondence and repeatedly sending 'instructions to set off the principal's balance' amounted to legitimate performance under a contract, Thomas' assertion is highly implausible and, indeed, frivolous. Also highly implausible is Thomas' suggestion that Family Security's refusal to accept or comply with his nonsensical demands amounted to nonperformance under a contract between the parties." (citations omitted)).

Kinnaird asserts no non-frivolous claims providing any viable basis for relief. *See Carroll*, 984 F.2d at 393. Accordingly, her claims and this action are due to be **DISMISSED WITH PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B).

**DONE** AND **ORDERED** ON JULY 19, 2024.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
215647